IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
10/22/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

RUBEN MALAGON VEGA,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, DHS;
DAVID VENTURELLA, Acting Director, ICE;
SAMUEL OLSON, ICE Field Office Director;
TODD BLANCHE, Attorney General; and
Warden, Midwest Regional Reception Center,

Respondents.

Case No. 26-3378-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the petition is **denied in part and retained under advisement in part**. The petition is retained under advisement pending further briefing with respect to petitioner's claim that he was unlawfully detained without a warrant. Respondents shall file a supplemental answer addressing that claim on or before **October 30, 2026**, and petitioner may file a supplemental reply brief addressing that claim on or before **November 4, 2026**. The petition is otherwise denied.

Petitioner, a native of Mexico, entered the United States in 1998 or 1999. He was detained by immigration officials on September 18, 2026, and he remains in custody in this

judicial district pending removal proceedings. Petitioner filed the instant action on October 2, 2026; respondents have filed an answer; and petitioner has filed a reply brief.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that he may only be detained under 8 U.S.C. § 1226(a), which allows for discretionary release on bond; and that his detention without a bond hearing violates those statutes and due process. In answer to those claims, respondents have provided evidence that on September 18, 2026 – the date of petitioner's detention – officials made a custody determination for petitioner pursuant to Section 1226, and that on the notice of that determination petitioner indicated his request for a bond hearing. Accordingly, petitioner was not and is not detained under Section 1225(b)(2)(A), and a bond hearing is available to him under Section 1226(a). Because petitioner is not being denied a bond hearing in violation of the law, the Court denies these claims.

In his reply brief, petitioner argues that the Court should nevertheless grant relief and order the Government to conduct a bond hearing. He first suggests that the Government could seek to avoid having to provide a bond hearing by transferring him to a facility in a district within the Fifth Circuit or the Eighth Circuit, which courts have accepted the Government's interpretation of Section 1225(b)(2)(A)'s mandatory detention

provision. Petitioner has not supported such speculation with any evidence that the Government has engaged in such a practice, however. Petitioner notes that he was transferred from a facility in this district to one within the Fifth Circuit; but he was also transferred back to Kansas days later, prior to the filing of this action, which undercuts any argument that the Government was trying to avoid a bond hearing. Moreover, as the Court has noted in similar cases, the Government is effectively bound by its representation – and its position in this litigation – that petitioner is being detained under Section 1226(a) and may therefore obtain a bond hearing; and thus there is no reason to believe that an immigration court would refuse to consider a bond request on the merits. *See, e.g.*, *Salazar Coto v. Mackey*, 2026 WL 2408777, at *1 & n.2 (D. Kan. Aug. 18, 2026) (Lungstrum, J.) (noting that it is incumbent on the Government to make sure that the merits are considered at any bond hearing).[1]

Petitioner also notes that his bond hearing has still not been scheduled. He has not shown that this Court has jurisdiction to review the ordinary workings of the immigration court, including its scheduling, however; nor has he shown that the delay has been so long that he has effectively been denied a hearing altogether.[2]

---

[1] Indeed, bond hearings for aliens in custody within this district are routinely conducted by immigration judges located in Kansas City, Missouri, within the Eighth Circuit. For that reason, the Court also denies petitioner's request for an order enjoining his transfer to another facility until he receives his bond hearing.

[2] Petitioner claims that the Government delayed in sending his bond hearing request to the immigration court, but he has not provided evidence that he or his counsel has requested a hearing from the immigration court directly.

Finally, petitioner contends that the availability of a bond hearing does not moot his claim that his detention under Section 1226(a) is unlawful because he was not detained pursuant to a warrant. Petitioner did not make this argument as a separate claim in the petition. Rather, petitioner referred to the lack of a warrant only within the context of his claim that his detention should be governed by Section 1226 and not by Section 1225, in arguing that the Government had not taken steps to invoke Section 1226. Respondents responded to that allegation with their evidence that the Government did invoke Section 1226 in making a custody determination under that statute when petitioner was detained. Petitioner nonetheless argues in his reply that respondents have failed to address the lack of a warrant here. Accordingly, because the Government has not yet responded to that specific contention, the Court retains the claim under advisement pending additional briefing on the issue.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied in part and retained under advisement in part**. The petition is retained under advisement pending further briefing with respect to petitioner's claim that he was unlawfully detained without a warrant. Respondents shall file a supplemental answer addressing that claim on or before **October 30, 2026**, and petitioner may file a supplemental reply brief addressing that claim on or before **November 4, 2026**. The petition is otherwise denied.

IT IS SO ORDERED.

Dated this 22nd day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge