IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
11/16/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

RUBEN MALAGON VEGA,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, DHS;
DAVID VENTURELLA, Acting Director, ICE;
SAMUEL OLSON, ICE Field Office Director;
TODD BLANCHE, Attorney General; and
Warden, Midwest Regional Reception Center,

Respondents.

Case No. 26-3378-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenged his detention by immigration officials. By Memorandum and Order of October 22, 2026, the Court denied the petition with respect to his claim that he was improperly subjected to mandatory detention without the possibility of a bond hearing; but it retained under advisement petitioner's claim that he was unlawfully detained without a warrant, as follows:

> Finally, petitioner contends that the availability of a bond hearing does not moot his claim that his detention under Section 1226(a) is unlawful because he was not detained pursuant to a warrant. Petitioner did not make this argument as a separate claim in the petition. Rather, petitioner referred to the lack of a warrant only within the context of his claim that his detention should be governed by Section 1226 and not by Section 1225, in arguing that the Government had not taken steps to invoke Section 1226. Respondents responded to that allegation with their evidence that the Government did

> invoke Section 1226 in making a custody determination under that statute when petitioner was detained. Petitioner nonetheless argues in his reply that respondents have failed to address the lack of a warrant here. Accordingly, because the Government has not yet responded to that specific contention, the Court retains the claim under advisement pending additional briefing on the issue.

With their supplemental brief, respondents have provided evidence that petitioner was in fact detained pursuant to a warrant. Petitioner has not filed a supplemental brief by the ordered deadline (despite having obtained an extension of time); thus, petitioner has not disputed that evidence or explained how his detention was otherwise unlawful. Accordingly, the Court denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 16th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge